UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ELIZABETH VAN OSS, JOAN LUCIEN,
CHASHEM LUCIEN, JIMMIE PUGH, and
PATRICIA LOCKETT, each individually
and on behalf of all others similarly situated,

          Plaintiffs,

DELORES JACKSON and NATASHA
HERBERT, each individually and on behalf
of all others similarly situated,

          Intervening Plaintiffs,

  - against -

NEW YORK STATE; GLADYS CARRION
individually and in her capacity as the
Commissioner of the New York State Office
of Children and Family Services; JEANNE
SAMPLE, individually and in her capacity
as Director, State Central Register, New
York State Office of Children and Family
Services; and CHARLES CARSON,
individually and in his capacity as Assistant
Deputy Counsel and Supervisor, Child
Welfare Services Bureau,

          Defendants.

------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

10 Civ. 7524 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/12

SHIRA A. SCHEINDLIN, U.S.D.J.:

      This class action was brought pursuant to 42 U.S.C. § 1983 to challenge the alleged failure by the State of New York to: (1) determine whether

indicated instances of child abuse and/or maltreatment are relevant and reasonably related ("R&R") to child-related employment and/or other child-related activities; and (2) use objective guidelines in conducting R&R reviews.  On March 15, 2012, the parties executed a Stipulation of Settlement of a Class Action and Order (the "Stipulation") that seeks to conclude this class action litigation.  Following the Court's preliminary approval of the proposed settlement,[1] plaintiffs now move for final approval of the class action settlement (the "Settlement").  A fairness hearing was held on June 20, 2012, at which one objection was raised, discussed and dismissed.  For the reasons stated below, plaintiffs' motion for final approval of the Settlement is granted.

## I. CLASS CERTIFICATION

Plaintiffs originally sought certification of the following class, consisting of

> all persons who are or will be the subjects of "indicated" reports with the State Central Register and who have timely requested, or will timely request, a "422" or "424-a" amendment or expungement of the Report and who have not had, or will not have, their Reports administratively reviewed to determine whether the Report is reasonably related to employment or licensure in the child care field.

---

[1] *See* Preliminary Approval Order, Docket Entry No. 65.

Pursuant to the Stipulation, the parties agreed to the following slightly modified class definition:

> A class is certified consisting of all persons who, after the effective date of this Stipulation, timely request review of indicated reports of child abuse or maltreatment pursuant to Social Services Law § 424-a.[2]

This Court hereby finally certifies this action as a class action on behalf of the Class as defined above.

## II.   NOTICE

The publication of notice of the Fairness Hearing has been given to the Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Class Counsel, and a full opportunity to be heard has been offered to all Parties, the Class, and persons in interest.  The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## III.   APPROVAL OF SETTLEMENT

I find that the proposed Settlement is fair, adequate, and reasonable and in the best interests of the Class.  Initially, a strong presumption of fairness

---

[2]   Stipulation ¶ I.

attaches because the Settlement was reached by experienced counsel after extensive arm's length negotiations.[3] In addition, most of the *Grinnell* factors weigh in favor of approving the Settlement.[4]

*First*, the complexity, expense, and duration of the litigation justify the Settlement. The litigation would likely be lengthy and relatively expensive as it would involve complex issues of constitutional law. *Second*, the reaction of the class weighs in favor of the Settlement – only one objection was made by a person outside of the Class, which this Court found to be without merit. *Third*, the stage of proceedings favors the Settlement – although there has been no formal discovery, plaintiffs' counsel has done an adequate factual investigation to be thoroughly apprised of the merits of the case. *Fourth*, plaintiffs' counsel faced risks in establishing liability given that the constitutional questions presented in this litigation covered unchartered territory.

The *Fifth* factor – the risk of establishing damages – is inapplicable as the relief requested was purely injunctive in nature. *Sixth*, the risk of maintaining the class action through the trial favors the Settlement as the risk of de-certification

---

[3] *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) .

[4] *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

of the class, albeit remote, was always present. The *Seventh* factor – the ability of the defendants to withstand a greater judgment – does not apply given that injunctive relief only was requested. Also inapplicable are the *Eighth* and *Ninth* factors because there was no settlement fund here. In sum, all of the relevant factors weigh in favor of the Settlement.

## IV.   ATTORNEYS' FEES

In the Stipulation, defendants agreed to pay plaintiff's counsel $300,000 in attorneys' fees and costs.[5] In class actions where the only relief obtained is injunctive in nature, "courts often use a lodestar calculation because there is no way to gauge the net value of the settlement or any percentage thereof."[6] The lodestar amount is arrived at by multiplying the number of hours reasonably expended by the attorney's reasonable hourly rate.[7] Here, the lodestar amount is used as a cross-check to determine the reasonableness of the agreed upon amount of attorneys' fees and costs.

Plaintiff's counsel's time charges are summarized in a revised statement consisting of a letter dated March 6, 2012, from plaintiff's counsel,

---

[5]   *See* Stipulation ¶ 32.

[6]   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

[7]   *See Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Thomas Hoffman, to defendants' counsel, Robert L. Kraft, and the time sheets attached thereto in Addendum 1.  In this revised statement, Hoffman calculates his time charges using a rate of $450 per hour, which is the rate I found appropriate for him in the related case of *Finch v. New York State Office of Children and Family Services*.[8]  For the period July 12, 2010 through June 1, 2012, Hoffman accrued $312,106 in attorneys' fees, representing approximately 692 hours at $450 per hour.[9]  Added to this amount is $ 63,181 in attorneys' fees for Hoffman's associates and paralegal, who billed approximately 241 hours at rates ranging from $125 per hour to $350 per hour.[10]  Subtracted from this amount is $11,000, which is Hoffman's estimate of time charges spent on unsuccessful claims.

    Hoffman's revised submission amounts to $364,287, which is considerably higher than the agreed upon award of $300,000.[11]  I find, therefore,

---

  [8] No. 04 Civ. 1668,  2012 WL 695419, at *5 (S.D.N.Y. Mar. 5, 2012).

  [9] There is a slight difference resulting from Hoffman's use of a rate of $225 per hour for travel time, of which there are three instances.  *See* entries for June 19, 2011, November 22, 2011, and March 20, 2102.

  [10] In the related *Finch* action, defendants did not oppose the rates used for associate attorneys, which ranged from $175 to $325 per hour, or the rate of $125 per hour for Hoffman's paralegal.  *See Finch*, 2012 WL 695419, at *4 n.45.

  [11] The excess of $64,287 represents approximately 143 hours of Hoffman's time at the rate of $450 per hour.  If this were a traditional fee request, I would undoubtedly discount some of Hoffman's time but the amount discounted would not be more than 143 hours in all likelihood.

that the stipulated attorneys' fees award of $300,000 is fair and reasonable when compared with the lodestar cross-check. Accordingly, the Settlement is approved as fair, reasonable, adequate, and in the best interests of the Class.

## V.  CONCLUSION

For the reasons stated above, plaintiffs' motion for final approval of class action settlement is granted. The Clerk of the Court is directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 26, 2012

## - Appearances -

**For Plaintiffs:**

Thomas Hoffman, Esq.
Law Offices of Thomas Hoffman, P.C.
250 West 57th Street, Suite 1020
New York, NY 10107
(212) 581-1180

**For Defendants:**

Robert L. Kraft
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8632